UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVE A. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:09-CV-360-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Dave A. Taylor is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the United States Penitentiary-McCreary, in Pine Knot, Kentucky. He has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 [Record No. 2], and has paid the $5.00 filing fee. The Petition is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, the Petition will be denied and this cause of action dismissed.

**I.**

Taylor alleges that he is a Jamaican national who went to trial in the United States District Court for the Eastern District of Virginia on September 20, 1999, without knowledge of his rights under a U.S. Treaty. On the second day of trial, purportedly upon counsel's advice, he decided to plead guilty to Counts 1 and 12 of the superceding indictment against him. On March

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

31, 2000, he was sentenced to life imprisonment for his violation of 21 U.S.C. 846, involving 50 grams or more of crack cocaine, and a consecutive five-year term for a firearms offense, pursuant to 18 U.S.C. 924(c).  His Judgment was affirmed,[2] and several collateral attacks also proved unsuccessful.[3]

Petitioner now challenges these convictions and sentences in this Court on Fifth and Sixth Amendment grounds.  He claims that he did not receive due process because he was never advised of his rights under Article 36(a)(b) of the Vienna Convention on Consular Relations and that he was denied the effective assistance of counsel in this and other ways.  He writes,

> If counsel would have informed me of my rights under Article 36, I would have demanded that Consular be summons, and in turn, Consular could/would have ensured that my rights were protected under the Constitution/treaties, namely the Sixth Amendment right to effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).

[Record No. 2 at 3.]  In addition to omitting information about the Vienna Convention, counsel allegedly gave "erroneous advice," *i.e.*, "if Plaintiff stopped the trial and plead guilty, I would receive a sentence of 15-yrs (10-yrs for the drugs and 5-yrs for the gun)."

Petitioner states that he had not heard of Article 36 until 2009, when a jailhouse lawyer told him about it.  Had he known earlier, he alleges, he would have raised it pre-trial, during trial, or in his Section 2255 proceedings.  With this "newly discovered evidence," which he has been diligent in finding, Taylor believes that he is now entitled to a new trial.

---

[2] *United States v. Taylor*, 238 F.3d 417, 2000 WL 176366 (4th Cir. 2000), *cert. denied*, 532 U.S. 1053 (2001) (unpublished).

[3] *See, e.g., United States v. Taylor*, 190 F. App'x 293, 2006 WL 2010853 (4th Cir. 2006); *United States v. Taylor*, 107 F. App'x 365, 2004 WL 1922262 (4th Cir. 2004) (unpublished).

**II.**

The Court takes judicial notice that after filing several challenges to his Judgment of Conviction initially, the Petitioner was silent for a period of years. In 2009, however, he has filed four collateral attacks. In addition to the instant proceeding here, Taylor has filed three civil actions in the trial court. *See Taylor v. City of Farmville, et al.*, E.D. Va. 1:09-CV-963 (AJT/IDD) (dismissed November 9, 2009); *Taylor v. City of Farmville, et al.*, E.D. Va. 1:09-CV-963, as consolidated with 983, (AJT/IDD) and AJT/JFA (dismissed November 4, 2009); *Taylor v. United States of America, et al.*, E.D. Va. 1:09-CV-964 (AJT/TCB) (dismissed August 31, 2009).

In all of these proceedings, Petitioner claimed that certain officials, naming persons from the arresting policemen to his attorney, failed to tell him of his right to contact Jamaican consular officials prior to his conviction and sentencing for the drug and firearms offenses. All three of these civil cases were brought relying on the district court's jurisdiction under 28 U.S.C. § 1331 and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and all were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In each of these cases, the trial court informed Plaintiff Taylor that to challenge his Judgment of Conviction, he must proceed in a habeas action. The trial court further advised that because Taylor had already brought a Section 2255 motion, he would need authorization from the Fourth Circuit to bring a second § 2255 motion. In the first-filed of these *Bivens* actions, the Judge went so far as to provide him with a copy of the form used to apply to the appellate court

for authorization to file a successive Section 2255 motion. Regardless of whether the Petitioner filed this form in the Fourth Circuit, he clearly did not stop bringing his Vienna Convention claim in the trial court two more times and to this Court, where he is incarcerated, in the instant case.

### III.

Petitioner's habeas proceeding in this Court, however, fares no better than his efforts so far in other courts. The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States* v. *Jalili,* 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2254 for state prisoners or § 2255 for federal prisoners which relate to conviction and/or imposition of sentence. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner, such as the instant Petitioner, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi* v. *Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). However, a portion of Section 2255, commonly called "the savings clause," permits a prisoner to seek habeas corpus relief from the court in the district where he is confined under Section 2241, if he can demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Case law has developed interpreting the language in the savings clause. *See Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or

4

after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion. *Id.* at 757. Nor is the remedy under Section 2241 an additional, alterative or supplemental remedy to a remedy under Section 2255. *Id.* at 758. Moreover, it is the Petitioner's burden to demonstrate the ineffectiveness or inadequacy of the Section 2255 remedy. *Id.*; *see also United States v. Prevatte,* 300 F.3d 792, 800 (7th Cir. 2002).

Further, in addition to demonstrating that the remedy via Section 2255 is inadequate or ineffective, the appellate court in this circuit has imposed another requirement for use of the savings clause, a requirement which is also not met in this case. In addition to presenting circumstances which render Section 2255 inadequate or ineffective in order to raise an issue arising in the trial court, the prisoner seeking to use Section 2241 must also have a claim of "actual innocence." *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003).

Actual innocence means factual innocence, which is also explained by the Sixth Circuit to mean innocence of criminal conduct. *Id.* at 805. An actual innocence claim arises when a prisoner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal. *Id.* Hence, only by an intervening Supreme Court decision defining the criminal statute can a petitioner be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction.

The instant Vienna Convention and Sixth Amendment claims cannot go forward because the Petitioner has not demonstrated that his remedy via Section 2255 is inadequate or ineffective, nor that he is actually innocent of the drug or firearm offenses under an intervening Supreme

Court opinion interpreting the terms of either of the criminal statutes.

Therefore, Taylor's cause of action will be dismissed without reaching the merits of his claims.  Petitioner is advised, however, that this dismissal without prejudice should not to be read to encourage Taylor to continue to pursue these claims.  He is advised that, although he claims to rely on *Jogi v. Vogues*, 480 F.3d 822 (7th Cir. 2007), the facts herein are different from *Jogi* and this Court is not bound by Seventh Circuit decisions.  This Court must follow the law of the Sixth Circuit, *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001), and *United States v. Garcia Perez*, 190 F. App'x 461, 2006 WL 2075253 (6th Cir.) (relying on *Emuegbunam*) (unpublished), *cert. denied*, 549 U.S. 1067 (2006).

## IV.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)    Dave A. Taylor's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is **DENIED**; and

(2)    this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 17th day of December, 2009.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

6